UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>            Plaintiff,<br><br>      v.<br><br>M. GARIKAPARTHI, et al.,<br><br>            Defendants. | Case No.: 1:13-cv-01495-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### I.     Screening Requirement and Standard

Plaintiff LaKeith L. McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on September 16, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Dr. M. Garikaparthi; (2) A. Steiber; (3) J. Keeler; and (4) T. Chavez.

Plaintiff alleges as follows: Plaintiff has a severe allergy to eggs. His guideline for managing this allergy stated that it was his responsibility to avoid eggs and food that contained either eggs or egg protein. Plaintiff claims that when he receives his meals, eggs are mixed in with other portions of the diet. Plaintiff brought this issue to the attention of his primary care provider, Defendant Dr. Garikaparthi, in the hopes that he would be provided with food substitutes for the eggs. Defendant Dr. Garikaparthi told Plaintiff numerous times that he would not be provided any treatment. On April 4, 2013, Defendant Dr. Garikaparthi told Plaintiff that he would be monitored regarding his egg allergy, but Plaintiff has not been monitored.

On January 3, 2013, Plaintiff notified the prison's cooks via an Inmate Request that he was allergic to eggs and needed his eggs substituted. On January 15, 2013, Defendant J. Keeler stated that Plaintiff needed to provide a copy of his medical chrono and, if substantial, would be accommodated. Medical explained to Plaintiff that there was not a medical chrono for an egg allergy. On January 27, 2013, Plaintiff provided staff with guidelines for managing a food allergy or sensitivity, stating that he was allergic to eggs. This memo was given to Plaintiff at a prior prison. On January 31, 2013, Defendant T. Chavez stated that no special food substitutions would be provided because it stated so in the guidelines.

On March 11, 2013, Defendant J. Keeler interviewed Plaintiff and told him that if the prison had to provide him with any special diet then they would have to do it for everyone with an allergy. Plaintiff's appeal was then denied.

On April 24, 2013, Defendant A. Steiber interviewed Plaintiff and told him that if the prison had to provide him with any special diet then it would have to do it for everyone with allergies. Defendant Steiber then said that they would remove the eggs from his trays.

On April 25 and 26, 2013, Plaintiff received trays with no eggs. However, after those dates, the eggs have been placed back on the trays. Plaintiff alleges that Defendants ignored the fact that not only is egg protein contained in numerous other portions of the meals, but once the eggs touch certain other food that food becomes contaminated and cannot be consumed. Plaintiff alleges that he is forced to receive food from fellow inmates.

On August 18, 2013, Plaintiff removed the eggs from his breakfast tray and gave them to his cellmate. The eggs touched other portions of the food on the tray. As Plaintiff began to consume his meal, he had an allergic reaction and began vomiting. Adequate food is only provided to Plaintiff when he can afford it through the canteen or from other inmates.

Plaintiff asserts that Defendant Dr. Garikaparthi failed properly treat Plaintiff and make sure that he was properly fed. Plaintiff further alleges that he is suffering malnourishment, hunger, stomach aches, weight loss and emotional distress. He claims violations of the Eighth and Fourteenth Amendments to the United States Constitution and seeks compensatory and punitive damages.

///

**III.    Discussion**

**A.  Inmate Grievances**

Plaintiff appears to complain about the actions of Defendants Keeler and Steiber in the course of reviewing his inmate appeal.  However, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993). The complaint therefore fails to state a cognizable claim against Defendants Keeler and Steiber based on the administrative review process.

**B.  Fourteenth Amendment**

Plaintiff appears to allege that he is being denied equal treatment in violation of the Fourteenth Amendment.  The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To state an Equal Protection claim, Plaintiff must show that the defendants acted with an intent or purpose to discriminate against him based on membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

Here, Plaintiff has failed to allege sufficient facts to demonstrate that he is in a protected class or that similarly situations individuals were treated differently.  Plaintiff will be given leave to cure this deficiency.

**C.  Eighth Amendment**

**1.  Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious

medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir.2010 ). Deliberate indifference is a high legal standard. Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

A difference of opinion between a prisoner and prison medical authorities as to proper treatment does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Additionally, a difference of opinion between medical providers regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To state a claim under these conditions requires the plaintiff to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996).

Plaintiff has failed to state a cognizable Eighth Amendment claim against Defendant Dr. Garikaparthi.  At best, Plaintiff has established a difference of opinion regarding the proper treatment and monitoring of his egg allergy.  Plaintiff also has failed to state a cognizable claim for deliberate indifference to medical treatment against any other defendants.

### 2. Failure to Provide Adequate Food

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer, 511 U.S. at 847, and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  Prison

officials must ensure that inmates receive adequate food, clothing, shelter, medical care and personal safety. Farmer, 511 U.S. at 832.

"Adequate food is a basic human need protected by the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993). However, the Ninth Circuit has found that "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Foster v. Runnels, 554 F.3d 807, 812–13 (9th Cir.2009) (finding the denial of sixteen meals in twenty-three days a sufficiently serious deprivation for Eighth Amendment purposes).

Although Plaintiff has generally alleged that Defendants continually deprived him of adequate food, causing him to suffer malnourishment and pain, Plaintiff has only identified one specific instance in which he was served eggs.  Further, Plaintiff has not alleged whether or which meals are served eggs.  In other words, Plaintiff has not adequately alleged a sufficiently serious deprivation to state a cognizable claim.  Plaintiff will be given leave to cure this deficiency.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim for relief.  The Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **October 14, 2014**        /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE