1

2

3

4

5

6

7

8      **UNITED STATES DISTRICT COURT**

9      **EASTERN DISTRICT OF CALIFORNIA**

10

11  LAKEITH L. MCCOY,                          )   Case No.: 1:13-cv-01495-BAM (PC)
                                               )
12            Plaintiff,                       )   ORDER DISMISSING ACTION FOR FAILURE
                                               )   TO STATE A CLAIM
13        v.                                   )
                                               )
14  M. GARIKAPARTHI, et al.,                   )
                                               )
15            Defendants.                      )
                                               )
16  _____          )

17      **I.      Screening Requirement and Standard**

18          Plaintiff LaKeith L. McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma

19  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 15, 2014, the Court

20  dismissed Plaintiff's complaint with leave to amend.  (ECF No. 9.)  Plaintiff's first amended

21  complaint, filed on November 17, 2014, is currently before the Court for screening.

22          The Court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

24  1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

25  malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

26  from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

27  1915(e)(2)(B)(ii).

28

1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is

2  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell

5  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's

6  allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.

7  Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

8  omitted).

9    To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient

10  factual detail to allow the Court to reasonably infer that each named defendant is liable for the

11  misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v.

12  United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant

13  acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

14  plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572

15  F.3d at 969.

16  **II.    Plaintiff's Allegations**

17    Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California,

18  where the events in the complaint are alleged to have occurred.  Plaintiff names the following

19  defendants:  (1) Dr. M. Garikaparthi; (2) A. Steiber; (3) J. Keeler; and (4) T. Chavez.

20    Plaintiff alleges:  Plaintiff, who has been incarcerated at CCI since November 21, 2012, has a

21  severe allergy to eggs.  Plaintiff was instructed by the prison's medical department to avoid foods that

22  contain egg protein, such as eggs, French toast, cookies, coffee cake, coleslaw, macaroni salad,

23  mayonnaise, noodles, potato salad, some salad dressing, breakfast pockets, éclairs, pancakes,

24  cornbread, cakes, and carrot salad. Each week, Plaintiff is restricted from eating the majority of

25  breakfasts because they contain eggs or are prepared with eggs.  The food that is prepared each week

26  has been the same from week to week with a few rare exceptions.  Each week, Plaintiff is served a

27  breakfast that contains stewed prunes, oatmeal, scrambled eggs, pinto beans, two flour tortillas, salsa,

28  non-fat milk and coffee.  When Plaintiff receives his tray, the scrambled eggs are spilled over into the

oatmeal and pinto beans, leaving Plaintiff with only stewed prunes and two flour tortillas to eat.  At least once a week, there is a breakfast served with fresh fruit, cornmeal mush, beef hash, boiled egg, wheat bread, non-fat milk and coffee.  Plaintiff is restricted from the egg in this meal.  Once a week, a meal is being served containing fresh fruit, farina cereal, boiled eggs, hash brown potatoes, wheat bread, margarine readies, non-fat milk and coffee.  When this meal is given to Plaintiff, the eggs are cracked open, exposing the egg.  The egg is or has been placed on the hash browns or wheat bread.  On any given day, Plaintiff is served fresh fruit, hominy grits, coffee cake, peanut butter, wheat bread, non-fat milk and coffee.  The coffee cake is always spilled over into the hominy grits.  Each and every Saturday, the prison serves fresh fruit, cooked rice cereal, pancakes, syrup, peanut butter, margarine readies, non-fat milk and coffee.  Plaintiff is restricted from eating the pancakes.  Every Sunday, there is a breakfast served containing fresh fruit, cold cereal, scrambled eggs, turkey ham or sausage, hash brown potatoes, wheat bread, margarine readies, non-fat milk and coffee.  The eggs are either deliberately placed on top of the ham or spilled onto the sausage and hash brown.  Due to Plaintiff's allergy, he is denied a complete breakfast and is only able to eat the bread, fruit and cold cereal.

At least three to four times a week for dinner, Plaintiff is served cake.  During the week, some other portions may contain coleslaw, noodles or other food items that Plaintiff must avoid.  When cookies are given to Plaintiff in his lunch, he has to discard them.  Although the cookies are individually packaged, they are given a total of four times per week.  When cake is given for dinner, it is deliberately placed in the portion with either the bread or cornbread.

Plaintiff alleges that he is being denied an adequate and complete breakfast at least six times per week and denied adequate portions for both lunch and dinner.  Plaintiff is restricted from exercising five times a week despite doctor's orders to do so.  Plaintiff goes to sleep with stomach aches and hunger pains.  Plaintiff alleges that he suffers from malnourishment and weight loss.  Due to other inmates' generosity, Plaintiff has been able to maintain some form of health.  Plaintiff does not have a means of buying food.

On January 31, 2013, Defendant T. Chavez told Plaintiff that no special food substitutions would be provided.

3

1    On March 11, 2013, Defendant J. Keeler explained to Plaintiff that if the prison had to provide

2    him with any special diet, they would have to do it for everyone with an allergy.

3    On April 24, 2013, Defendant A. Steiber told Plaintiff that the prison would not substitute or

4    provide a special diet because they would have to do so for everyone else.

5    Defendant Garikaparthi explained to Plaintiff that if his weight dropped to 144 pounds, then he

6    would be forced to provide Plaintiff with a food supplement.  When Plaintiff's weight dropped to 144

7    pounds, Defendant Garikaparthi refused to give Plaintiff any type of food supplement.  Plaintiff

8    alleges that he weighed less than 144 pounds because he was weighed with waist chains and

9    handcuffs, a heavy prison jumpsuit, underclothes and prison shoes.  Plaintiff is 29 years old and is

10   5'10" tall.

11   Plaintiff asserts that Defendants are depriving him of adequate food in violation of his right to

12   be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the United

13   States Constitution.

14   **III.    Discussion**

15   **A.  Eighth Amendment - Deliberate Indifference to Serious Medical Needs**

16   "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

17   must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

18   (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251

19   (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious

20   medical need' by demonstrating that failure to treat a prisoner's condition could result in further

21   significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's

22   response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680

23   F.3d 1113, 1122 (9th Cir. 2012).

24   Deliberate indifference is shown where the official is aware of a serious medical need and fails

25   to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010 ).

26   Deliberate indifference is a high legal standard. Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391

27   F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make

28

4

1  an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v.

2  Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

3        A difference of opinion between a prisoner and prison medical authorities as to proper

4  treatment does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981);

5  Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Additionally, a difference of opinion between

6  medical providers regarding treatment does not amount to deliberate indifference.  Sanchez v. Vild,

7  891 F.2d 240, 242 (9th Cir. 1989). To state a claim under these conditions requires the plaintiff to

8  "show that the course of treatment the doctors chose was medically unacceptable under the

9  circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to

10 plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

11       Plaintiff has failed to state a cognizable Eighth Amendment claim against Defendant Dr.

12 Garikaparthi arising from the failure to provide a food supplement.  At best, Plaintiff has established a

13 difference of opinion regarding the necessity for such a supplement.

14       **B.  Eighth Amendment - Failure to Provide Adequate Food**

15       The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners

16 not only from inhumane methods of punishment but also from inhumane conditions of confinement.

17 Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer, 511 U.S. at 847, and

18 Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  Prison

19 officials must ensure that inmates receive adequate food, clothing, shelter, medical care and personal

20 safety. Farmer, 511 U.S. at 832.

21        "Adequate food is a basic human need protected by the Eighth Amendment." Keenan v. Hall,

22 83 F.3d 1083, 1091 (9th Cir. 1996). The Eighth Amendment requires only that prisoners receive food

23 that is adequate to maintain health.  LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). However,

24 the Ninth Circuit has found that "[t]he sustained deprivation of food can be cruel and unusual

25 punishment when it results in pain without any penological purpose." Foster v. Runnels, 554 F.3d 807,

26 812–13 (9th Cir. 2009) (finding the denial of sixteen meals in twenty-three days a sufficiently serious

27 deprivation for Eighth Amendment purposes).

28

1    Plaintiff has not adequately alleged a sufficiently serious deprivation to state a cognizable

2  claim.  Plaintiff has not alleged a sustained deprivation of food.  By Plaintiff's own admission, he is

3  able to eat a variety of foods served during breakfast meals and is not wholly deprived of edible food

4  at each breakfast meal.  Further, by Plaintiff's own admission, he is only prevented from eating

5  cookies during lunch and various food items during dinner meals, such as cake, coleslaw or noodles.

6  Plaintiff has not identified any lunch or dinner meals that he has been unable to eat nor has he

7  adequately alleged that he is being denied adequate food during lunch or dinner.

8    **IV.    Conclusion and Order**

9    Plaintiff's complaint fails to state a cognizable claim for relief.  The Court finds that the

10  identified deficiencies cannot be cured by amendment and further leave to amend is not warranted.

11  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, Plaintiff's complaint is HEREBY

12  DISMISSED for failure to state a cognizable section 1983 claim.  All pending motions, if any, are

13  terminated.

14

15  IT IS SO ORDERED.

16    Dated:    **November 19, 2014**          /s/ *Barbara A. McAuliffe*

17                            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

6