IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAKEITH L. McCOY,** | Case No. 1:13-cv-01495 BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT |
| v. | (ECF No. 27) |
| **M. GARIKAPARTHI, et al.,** | ORDER DENYING PLAINTIFF'S MOTION FOR A CIVIL SUBPOENA |
| Defendants. | (ECF No. 28) |

Plaintiff LaKeith L. McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's first amended complaint against Defendants Garikaparthi, Steiber, Keeler and Chavez for violation of Plaintiff's Eighth Amendment rights arising from the alleged deprivation of adequate food.

On November 23, 2015, Plaintiff filed a motion for entry of default against Defendants. (ECF No. 27.) That same day, he also filed a motion seeking issuance of a civil subpoena. (ECF No. 28.) On December 3, 2015, Defendants filed an opposition to both motions. (ECF No. 29.) No reply is necessary, and the motions are deemed submitted. Local Rule 230(l).

///

Plaintiff argues that because Defendants have been served with the complaint in this case but did not file any answer or "other defense" by the deadline for such a response, he is entitled to an entry of default in this action. He filed a declaration in support.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991) (internal punctuation and citations omitted).

Entry of default is not appropriate here. On November 19, 2015, Defendants appeared through counsel, (ECF No. 24), filed a motion for an order revoking Plaintiff's in forma pauperis status or to dismiss this case, (ECF No. 26), and filed a motion seeking an extension of time to respond to Plaintiff's complaint until their other motion is ruled upon by the Court, (ECF No. 25). Defendants' motion regarding Plaintiff's in forma pauperis status may dispose of this case. Consequently, Defendants have appeared, are defending this action, and have not defaulted.

Furthermore, the Court agrees with Defendants that consideration of Plaintiff's motion for a civil subpoena should be deferred until after the Court rules on Defendants' motion challenging Plaintiff's in forma pauperis status, to conserve judicial resources and promote efficiency.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for default, (ECF No. 27), is DENIED; and

2.  Plaintiff's motion for a civil subpoena, (ECF No. 28), is DENIED, without prejudice to refiling after the Court rules upon Defendants' motion for an order revoking Plaintiff's in forma pauperis status or to dismiss this case.

IT IS SO ORDERED.

Dated:  **December 9, 2015**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE