# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GARIKAPARTHI, et al.<br><br>        Defendants. | Case No.  1:13-cv-01495-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 39)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations**

**I.    Introduction**

Plaintiff LaKeith L. McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On November 20, 2014, the Court screened Plaintiff's first amended complaint and dismissed it for failure to state a claim. (ECF Nos. 11, 12.) Plaintiff appealed.

On July 2, 2015, the Court of Appeals for the Ninth Circuit reversed the Court's judgment and remanded the matter. The Court of Appeals determined that dismissal of Plaintiff's Eighth Amendment claims arising from the deprivation of adequate food was premature, and that Plaintiff's allegations were sufficient to warrant ordering the defendants to file an answer. (ECF No. 18.) The Court of Appeals issued its mandate on July 27, 2015. (ECF No. 19.)

On July 30, 2015, the Court found service of the first amended complaint appropriate and

1

directed that service be initiated on Defendants Garikaparthi, Steiber, Keeler, and Chavez ("Defendants") for violation of Plaintiff's Eighth Amendment rights arising from the alleged deprivation of adequate food. (ECF No. 20).

Following service of the complaint, on February 18, 2016, Defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, and that Defendants are entitled to qualified immunity. (ECF No. 39.) On March 10, 2016, Plaintiff opposed the motion. (ECF No. 40.) On March 17, 2016, Defendants replied. (ECF No. 41.) The motion is deemed submitted. Local Rule 230(l).

For the reasons discussed below, the Court recommends that Defendants' motion to dismiss be denied.

**II.     Ninth Circuit Decision and Court Order**

As an initial matter, the Court of Appeals for the Ninth Circuit found that Plaintiff stated cognizable claims for deprivation of adequate food in violation of the Eighth Amendment against the Defendants and that his allegations warranted an answer from them. (ECF No. 18, p. 2.) Consistent with the Ninth Circuit's ruling, on July 30, 2015, the Court found service of Plaintiff's first amended complaint appropriate and directed that it be served on the Defendants. (ECF No. 20.) Inasmuch as the legal standard for screening and for 12(b)(6) motions is the same, 28 U.S.C. § 1915A; *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012), the Court generally views subsequent Rule 12(b)(6) motions with disfavor, *see Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005); *Thomas v. Hickman*, No. CV F 06-0215 AWI SMS, 2008 WL 2233566, at *2-3 (E.D. Cal. May 28, 2008), and the present motion is no exception. Nevertheless, the Court will address Defendants' arguments regarding the perceived deficiencies. In doing so, it limits its review to the four corners of Plaintiff's first amended complaint. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Schneider v. California Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

///

///

///

**III. Motion to Dismiss**

**A. Summary of Relevant Allegations in the First Amended Complaint**

Plaintiff, who has been incarcerated at CCI since November 21, 2012, alleges that he has a severe allergy to eggs. Plaintiff was instructed by the prison's medical department to avoid foods that contain egg protein. Each week, Plaintiff is restricted from eating the majority of breakfasts because they contain eggs or are prepared with eggs.

Plaintiff asserts that he is being denied an adequate and complete breakfast at least six times per week and denied adequate portions for both lunch and dinner. Plaintiff goes to sleep with stomach aches and hunger pains, and he suffers from malnourishment and weight loss.

On January 31, 2013, Defendant T. Chavez told Plaintiff that no special food substitutions would be provided.

On March 11, 2013, Defendant J. Keeler explained to Plaintiff that if the prison had to provide him with any special diet, they would have to do it for everyone with an allergy.

On April 24, 2013, Defendant A. Steiber told Plaintiff that the prison would not substitute or provide a special diet because they would have to do so for everyone else.

Defendant Garikaparthi explained to Plaintiff that if his weight dropped to 144 pounds, then he would be forced to provide Plaintiff with a food supplement. When Plaintiff's weight dropped to 144 pounds, Defendant Garikaparthi refused to give Plaintiff any type of food supplement. Plaintiff alleges that he weighed less than 144 pounds because he was weighed with waist chains, handcuffs, a heavy prison jumpsuit, underclothes and prison shoes. Plaintiff is 29 years old and is 5'10" tall.

Plaintiff asserts that Defendants are depriving him of adequate food in violation of his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution.

**B. Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42

(9th Cir. 2011) (quotation marks and citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Further, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

## C. Deliberate Indifference in Violation of the Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1018 (9th Cir. 2010). Deliberate indifference is a high legal standard. *Simmons*, 609 F.3d at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

///

///

**D. Failure to Provide Adequate Food in Violation of the Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer*, 511 U.S. at 847, and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) (quotation marks omitted). Prison officials must ensure that inmates receive adequate food, clothing, shelter, medical care and personal safety. *Farmer*, 511 U.S. at 832.

"Adequate food is a basic human need protected by the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health. *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). However, the Ninth Circuit has found that "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." *Foster v. Runnels*, 554 F.3d 807, 812–13 (9th Cir. 2009) (finding the denial of sixteen meals in twenty-three days a sufficiently serious deprivation for Eighth Amendment purposes).

**E. Parties' Positions**

**i. Defendants' Position**

Defendants argue that Plaintiff has not alleged facts sufficient to support a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. Defendants first contend that while Dr. Garikaparthi allegedly told Plaintiff that he would need to provide him a food supplement if his weight fell, Plaintiff fails to allege that he ever returned to request a supplement, although he alleges that he lost weight. Defendants further argue that Plaintiff's facts as pled only show a doctor who was attentive to Plaintiff's medical needs but had limited medical authority to make sure those needs were met.

Defendants next contend that while Defendants Steiber, Keeler and Chavez allegedly told Plaintiff that they cannot provide a specialized diet because then they would have to do so for all prisoners with food allergies, these allegations only establish that Defendants Steiber, Keeler and Chavez were merely food-service workers with limited authority to make changes to the institutional provision of food.

### ii. Plaintiff's Opposition

Plaintiff contends that Defendant Garikaparthi's lack of treatment subjected Plaintiff to weight loss, stomach aches, and hunger pains, and that this constitutes the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff asserts that he has sufficiently stated a claim against Defendant Garikaparthi for deliberate indifference to serious medical needs.

Plaintiff also contends that the allegations in his complaint are sufficient to show that all of the Defendants were deliberately indifferent to Plaintiff's medical needs. Plaintiff argues that Defendants continued to allow Plaintiff to go without adequate food, resulting in daily pain and suffering, and to allow Plaintiff's food trays to be contaminated with eggs, which could result in death. Plaintiff contends that, though not stated in the complaint and not known to him until after the filing of the complaint, Defendants Steiber, Keeler and Chavez took no measures to accommodate Plaintiff, and they fabricated responses to Plaintiff's prison grievance. Additionally, Plaintiff alleges that, on one occasion, a female employee spoke with him, but Defendants Steiber, Keeler and Chavez did not. Plaintiff further alleges that Defendants sent Plaintiff a response to his written requests stating that they would accommodate his diet if his allergy could be verified.

As a final matter, Plaintiff asserts that Defendants have not argued that his failure to provide adequate food claim should be dismissed. Plaintiff concludes that the Court should not entertain Defendants' contentions in light of their apparent "consent to the fact the complaint states a valid Eighth Amendment failure to provide adequate food claim." (ECF No. 40, p. 5.)

### iii. Defendants' Reply

Defendants argue that Defendants Steiber, Keeler and Chavez should be dismissed from this action because Plaintiff introduces facts against them not stated in the complaint.

### F. Analysis

#### i. Defendant Garikaparthi

The Court finds that Plaintiff has alleged sufficient facts to support a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendant

Garikaparthi. Plaintiff alleges, "Defendant M. Garikparthi explained to Plaintiff that if his weight dropped to 144 lbs. he would be forced to provide him with a food supplement. When Plaintiff's weight dropped to 144 lbs., Defendant Garikaparthi refused to give Plaintiff any type of supplement." (ECF No. 10, p. 7:19-23.) Assuming these statements to be true, which the Court must do, the Court can reasonably infer that Defendant Garikaparthi was aware of a serious medical need and failed to adequately respond. *See Iqbal,* 556 U.S. at 678 (a claim survives a motion to dismiss when the allegations enable the court to reasonably infer that the defendant is liable for the misconduct alleged).

Accordingly, Defendants' motion to dismiss for failure to state a claim of deliberate indifference in violation of the Eighth Amendment against Defendant Garikaparthi should be denied.

**ii. Defendants Steiber, Keeler and Chavez**

The Court also finds that Plaintiff has alleged sufficient facts to support a claim for failure to provide adequate food in violation of the Eighth Amendment against Defendants Steiber, Keeler, and Chavez. On January 31, 2013, Defendant Chavez allegedly informed Plaintiff that he would not be provided special food substitutions, despite having explained his issues to Defendant Chavez. On March 11, 2013, Defendant Keeler allegedly informed Plaintiff that he would not receive a special diet because then everyone with a food allergy would have to be similarly accommodated. On April 24, 2013, Defendant Steiber allegedly told Plaintiff the same thing that Defendant Keeler had, namely that the prison would not provide him a special diet because then they would have to do that for everyone else. Assuming these allegations are true, as the Court must do, Plaintiff has established that Defendants Steiber, Keeler and Chavez were aware of his alleged egg allergy, knew of the danger to him, and that they failed to adequately respond.

Regarding the new allegations against Defendants Steiber, Keeler and Chavez in Plaintiff's opposition, the Court advises Plaintiff that he is free to seek leave to amend his complaint. Fed. R. Civ. P. 15(a).

Accordingly, the motion to dismiss with respect to Defendants Steiber, Keeler and Chavez should be denied as well.

### G. Qualified Immunity

#### i. Legal Standard

Defendants argue that they are entitled to qualified immunity. Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," *Pearson v. Callahan*, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

An officer is entitled to qualified immunity unless (1) the facts that a plaintiff has alleged or shown state a violation of a constitutional right, and (2) the right was "clearly" established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (discussing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Although often appropriate to analyze in that order, courts have the discretion to choose which prong to analyze first. *Pearson*, 555 U.S. at 236 (overruling the sequence of analysis for qualified immunity established in *Saucier*). If the answer to the first prong is "no," the defendant prevails because there was no violation of a constitutional right. *See Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012). If the answer to the first prong is "yes" and the second prong is "no," the defendant is protected by qualified immunity. *Id.* Even if the plaintiff has alleged violations of a clearly established right, the government official is entitled to qualified immunity if he or she made a reasonable mistake as to what the law requires. *See Saucier*, 533 U.S. at 205; *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006).

Although a defendant may raise a qualified immunity defense at early stages in the proceedings, courts have recognized that the defense is generally not amenable to dismissal under Federal Rule of Civil Procedure 12(b)(6) because facts necessary to establish this affirmative

1 defense generally must be shown by matters outside the complaint. *See Morley v. Walker*, 175
2 F.3d 756, 761 (9th Cir. 1999). Where extra-record evidence is proffered or required to determine
3 the facts at hand, qualified immunity must be asserted in a summary judgment motion. *Cf. Moss,*
4 572 F.3d at 973-74 (denying interlocutory appeal regarding qualified immunity issue when no
5 discovery had been ordered).

### ii. Discussion

Defendants contend that they are entitled to qualified immunity because Plaintiff has failed to plead facts sufficient to show that Defendants deprived him of any clearly established constitutional right. Defendants argue that Plaintiff's first amended complaint merely suggests a difference of opinion between Plaintiff and Defendant Garikaparthi, and that he does not allege any further conversations with Defendants Steiber, Keeler and Chavez.

Plaintiff counters that Defendants violated his clearly established right to necessary medical treatment and to adequate food. Plaintiff contends that he was diagnosed by a physician as requiring treatment or that his need would be obvious to anybody.

In reply, Defendants argue that, despite Plaintiff's claim in his opposition that he was diagnosed by a physician who mandated treatments, Plaintiff does not allege in his complaint that Defendant Garikparthi refused treatment that Plaintiff demanded.

Having considered the parties' arguments, the Court finds that Defendants are not entitled to qualified immunity at this stage of the litigation. As discussed above, Plaintiff has alleged facts against the Defendants that, if true, state a violation of a constitutional right. Moreover, the provision of adequate food and medical care were clearly established constitutional rights well before the alleged conduct in this action. *See, e.g., Keenan*, 83 F.3d at 1091; *Jett*, 439 F.3d at 1096. Furthermore, the factual record is insufficiently developed at this stage of the litigation, as the Court is confined to the allegations in the complaint. Here, the allegations state Plaintiff informed each defendant of his allergy and that he could not eat the food provided. The Court cannot, for example, adequately analyze whether Defendants' actions were based on reasonably mistaken beliefs.

Accordingly, the Court should deny, without prejudice, Defendants' motion to dismiss on the basis of qualified immunity.

### IV. Conclusion and Recommendation

For the reasons stated, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 1, 2017**            /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE