# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaKEITH McCOY,<br><br>        Plaintiff,<br><br>   v.<br><br>GARIKAPARTHI, et al,<br><br>        Defendants. | Case No. 1:13-cv-01495-DAD-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 52)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF MEDICAL EXPERT<br>(ECF No. 53)<br><br>ORDER DENYING MOTION FOR MODIFICATION OF DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 54) |

      Plaintiff LaKeith McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds against Defendants Garikaparthi, Steiber, Keeler, and Chavez ("Defendants") for violation of Plaintiff's Eighth Amendment rights arising from the alleged deprivation of adequate food.

      On April 25, 2017, following the filing of Defendants' answer, the Court issued a discovery and scheduling order. (ECF No. 51.) Pursuant to that order, the deadline for the completion of all discovery is December 25, 2017, and the deadline for all dispositive motions (other than a motion for summary judgment for failure to exhaust) is March 5, 2018. (Id.)

///

1

Currently before the Court are Plaintiff's motions for appointment of counsel, appointment of a medical expert, and modification of the discovery and scheduling order, all filed on December 4, 2017. (ECF Nos. 52–54.) Defendants have not yet had an opportunity to file responses to the motions, but the Court finds responses are unnecessary. The motions are deemed submitted. Local Rule 230(l).

## I. Motion for Appointment of Counsel

In his motion, Plaintiff states that this action proceeds on issues that are complex for Plaintiff to litigate pro se, he is indigent with no means to retain counsel, and has limited access to resources to effectively litigate his case. In addition, Plaintiff states that this case involves medical issues which will require expert testimony, as well as discovery of numerous documents and depositions of a number of witnesses. Finally, Plaintiff argues that he has limited knowledge of the law with no legal education, and failure to appoint counsel in this matter will irreparably harm Plaintiff. (ECF No. 52.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases involving Eighth Amendment

claims of deliberate indifference filed by prisoners proceeding pro se and in forma pauperis almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has determined Plaintiff has stated some claims which may proceed in litigation, it has not determined that those claims have a likelihood of ultimately being successful. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

**II.      Motion for Appointment of Medical Expert**

Federal Rule of Evidence 706 authorizes courts, within their discretion, to appointment a neutral, independent expert witness. Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). The appointment of such an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997).

However, the statute authorizing a petitioner's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses. See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses). An indigent prisoner litigant must bear his or her own costs of litigation, including witnesses. See, e.g., Tedder, 890 F.2d at 211.

Furthermore, although a court may apportion costs for the expert witnesses among the parties, including apportionment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the state, the court should exercise caution.

Plaintiff requests appointment of "a medical expert at Court expense to aid the Plaintiff." (ECF No. 53.) Plaintiff is clear that he requests an expert who will corroborate his testimony and serve as an advocate, rather than assist the Court. Indeed, Plaintiff states that the services of the

medical expert must be on a confidential basis, because Plaintiff may need to discuss tactics and transmit privileged information with the expert. (Id.)

Federal Rule of Evidence 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. Brooks v. Tate, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state prisoner in section 1983 action); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party). Moreover, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses. Manriquez v. Huchins, 2012 WL 5880431, * 12 (E.D. Cal. 2012).

### III. Motion for Modification of Discovery and Scheduling Order

In his motion, Plaintiff states that, to date, he has propounded only one document request on Defendants, and Defendants have propounded one set of interrogatories on Plaintiff. Plaintiff states that due to his limited resources, he will not be able to retain a lawyer or expert to support and/or verify his claims, which are based on complex issues. Plaintiff argues that he will be irreparably injured if the Court does not modify the current discovery and scheduling order, and a modification will in no way prejudice Defendants. (ECF No. 54.)

Although Plaintiff has set forth his reasons for seeking a modification of the discovery and scheduling order, Plaintiff fails to request any particular modification. Plaintiff has not stated which deadline, if any, he seeks to modify, nor has he indicated what length of time is needed for any extension. The Court cannot grant Plaintiff an unspecified modification of the discovery and scheduling order.

Plaintiff also fails to state good cause for continuance of the discovery deadlines. Discovery has been open since April 25, 2017, and Plaintiff offers no explanation why he was unable to conduct further discovery during the discovery period.

### IV. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, (ECF No. 52), is DENIED, without

4

1. prejudice;
2. Plaintiff's motion for appointment of medical expert, (ECF No. 53), is DENIED, without prejudice; and
3. Plaintiff's motion for modification of discovery and scheduling order, (ECF No. 54), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 6, 2017**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE