# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaKEITH L. McCOY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GARIKAPARTHI, et al.,<br><br>　　　　　Defendants. | Case No. 1:13-cv-01495-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 56)<br><br>**Dispositive Motion Deadline: April 19, 2018** |

Plaintiff LaKeith L. McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Garikaparthi, Steiber, Keeler, and Chavez ("Defendants") for violation of Plaintiff's Eighth Amendment rights arising from the alleged deprivation of adequate food. On April 25, 2017, the Court issued a Discovery and Scheduling Order. Pursuant to that order, the dispositive motion deadline is set for March 5, 2018.

On February 23, 2018, Defendants filed the instant motion to modify the dispositive motion deadline set forth in the Discovery and Scheduling Order. (ECF No. 51.) The Court finds a response unnecessary and the motion is deemed submitted.[1] Local Rule 230(l).

///

---

[1] Plaintiff will not be prejudiced by the inability to respond. If the Court grants the motion, it will extend the deadline for either party to file a dispositive motion.

1

| | |
|---|---|
| 1 | Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." <u>Id.</u> If the party was not diligent, the inquiry should end. <u>Id.</u> |

Defendants state that they have diligently completed discovery in this action and anticipate filing a motion for summary judgment in this action. However, Defendants request an extension of the deadline to file dispositive motions due to defense counsel's two-week jury service, subsequent illness, and the press of other business. In addition, defense counsel states that Plaintiff has indicated that he would not oppose Defendants' request for modification of the scheduling order, and that he would be open to settlement discussions. Defendants request a forty-five day extension of the current dispositive motion deadline, to April 19, 2018. (ECF No. 56.)

Having considered Defendants' moving papers, the Court finds good cause for the brief continuance of the dispositive motion deadline in this action. Defendants have been diligent in completing discovery and working on the dispositive motion, but the relevant deadline cannot be met due to defense counsel's jury service, past illness, and deadlines in other pending cases. The brief continuance will not result in measurable prejudice to Plaintiff or to witnesses in a matter that has been pending since 2013. In addition, defense counsel states that Plaintiff has indicated a willingness to participate in settlement discussions.

Based on the foregoing, Defendants' motion to modify the scheduling order, (ECF No. 56), is HEREBY GRANTED. The dispositive motion deadline is extended to April 19, 2018.

IT IS SO ORDERED.

Dated: **February 27, 2018**      /s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE